UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$291,560 IN LIEU OF CERTAIN REAL PROPERTY,

      Defendant,

Case No. 24-cv-_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig Baune, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America a total of $291,560 for violations of 18 U.S.C. § 2421.

### THE DEFENDANT *IN REM*

2. The defendant *in rem* is $291,560 paid to the United States on July 23, 2024 ("the Defendant Property") pursuant to an agreement that sum would be forfeited to the United States in lieu of the real property located at 8020 60th St. N., Mahtomedi, Minnesota. The Defendant Property is in the custody of the U.S. Internal Revenue Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## FACTS

### I. Background of the Illicit Massage Businesses

6. From at least 2014 and until the execution of numerous search warrants in May 2018, Ying Chen and her sister Jing Chen owned and operated several Asian Massage Parlors (AMPs) also known as illicit massage businesses (IMBs) in and around the Twin Cities metro area, and one in Hudson, Wisconsin.

7. Jing Chen, along with others, used proceeds obtained from performing illicit massages, in the form of commercial sex acts provided for the sex buyers, namely masturbation of male clients, in violation of the law—specifically, transportation to engage

in prostitution, more commonly known as the Mann Act, in violation of Title 18, United States Code, Title 2421.

8. The commercial sex acts are corroborated by the posting of "escort" advertisements online, the posting of reviews of the IMBs on rubmaps, interviews of commercial sex buyers, a review of Jing Chen and others' WeChat posts, and commercial sex acts offered to undercover officers.

9. Jing Chen, along with others named and not named in this Complaint, would bring commercial sex workers from across the United States into Minnesota to perform the sex acts. The workers were typically from New York and California as determined by a review of massage licenses, travel documents, surveillance, interviews, and a review of other identification records.

10. Jing Chen, along with others named and not named in this Complaint, would then use the illicit proceeds to promote the IMBs and to conceal the true ownership of the IMBs and the source of the illicit funds.

11. Illicit funds were used to, among other things: pay rent at the IMB locations, often through nominee lessees to conceal the true owner of the businesses; pay for advertising on websites known to advertise and promote prostitution; and pay for airline travel to transport the commercial sex workers to Minnesota from New York and California.

12. The IMBs owned and operated by Jing Chen and others named and not named in this Complaint were cash businesses. Male sex buyers paid in cash, including extra tips for commercial sex services.

13. Often the net proceeds of the illicit acts (cash profits after expenses used to promote and conceal the IMBs) were collected and concealed in safe deposit boxes at banks or other locations in personal residences.

**II.     The Defendant Property**

14. In connection with a related prosecution, law enforcement officers reviewed bank records associated with Jing Chen, entities she controls, and members of her family.

15. Those bank records and other records and information discovered during the investigation into Jing Chen and the IMBs, showed that at least $291,560 of proceeds traceable to violations of the Mann Act were used to pay down the mortgage on a residence for which Jing Chen was an owner.

16. Financial and real estate records showed that property was subsequently sold, and that the proceeds of the sale of that property were used to reduce or otherwise pay down the mortgage on the real property located at 8020 60th St. N., Mahtomedi, Minnesota ("the Real Property"). As a result, at least that portion of the equity of the Real Property is subject to forfeiture because it is traceable to proceeds of violations of the Mann Act.

17. The United States previously listed the Real Property as being subject to forfeiture in the criminal matter, *United States v. Jing Chen, et al,* 21-cr-250 (JRT/TNL). In connection with the resolution of that matter Jing Chen and the United States executed a Stipulation Regarding Forfeiture. *Id.*, ECF No. 396 ("the Stipulation'). Through the Stipulation, Jing Chen agreed to pay $291,560 to the United States "to be forfeited in lieu of the Real Property. . ." *Id.* ¶ 5. Jing Chen agreed that the United States could, "at its

option, . . . file a new civil forfeiture complaint to complete the forfeiture of the $291,560 in lieu of the real property." *Id.*

18.  Jing Chen was sentenced in the criminal case on August 15, 2024. The United States is now commencing this action to forfeit the Defendant Property in accordance with the terms of the Stipulation.

## BASIS FOR FORFEITURE

### COUNT 1
### 18 U.S.C. § 981(a)(1)(C) – FOR VIOLATIONS OF 18 U.S.C. § 2421

19.  The actions described above constitute violations of 18 U.S.C. § 2124 (the Mann Act), which prohibits knowingly transporting any individual in interstate or foreign commerce with intent that such person engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

20.  Civil forfeiture of the proceeds of violations of the Mann Act is authorized by 18 U.S.C. § 981(a)(1)(C). More specifically, § 981(a)(1)(C) authorizes forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Section 1956(c)(7)(A) defines the term "specified unlawful activity" as including "any act or activity constituting an offense listed in section 1961(1) of this title." And 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 2421 in its definition of racketeering activity.

21.  The Defendant Property is subject to forfeiture because it constitutes or is derived from proceeds of violations of 18 U.S.C. § 2421.

5

## CLAIM FOR RELIEF

22. The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant in rem, that notice of this action be given to all persons who reasonably appear to be potential claimants of the Defendant in rem, that the Defendant in rem be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: 11/7/2024

ANDREW M. LUGER
United States Attorney

*s/Craig Baune*
CRAIG R. BAUNE
Attorney ID No. 331727
Assistant United States Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.Baune@usdoj.gov

## VERIFICATION

I, John Tschida, verify and declare under penalty of perjury as follows:

I am and have been a Special Agent with Internal Revenue Service, Criminal Investigation ("IRS-CI") since 1995. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others from the Minnesota BCA and Homeland Security Investigations, as an IRS-CI Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/6/2024          *s/John Tschida*
                                    JOHN TSCHIDA, Special Agent
                                    IRS-CI